*11 The opinion of the Court was delivered by
O’Neall, J.
The Court is not disposed to review the facts in this case. The jury, with 'better means of judging correctly than we possess, have decided, that there was no fraud in any respect as charged in the suggestion. We are content to abide by their conclusion.
It is only thought necessary to make a few remarks explanatory of the rights of co-partnership creditors.
There is no doubt in bankruptcy, or in the case of the death of one of the partners, or where it is a contest among execution creditors, the rule both at law and in equity is the same. In Bowden vs. Schatsell, Bail. Eq. 360, it is said by Judge .Harper, that the property of a partnership is liable to the debts of the partnership before any part can be applied to individual debts. In White, assignee, vs. The Union Insurance Company, 1 N. & McC. 557, the rule was recognized, at law, that co-partnership effects ought to go to the payment of co-partnership debts, in the first place, then to the payment of the private debts of each co-partner afterwards, in proportion to his share in the joint funds.
This I understand to be the rule among execution creditors of the partnership, and of the individual partners.
In bankruptcy, it has been 'held in Young vs. Keighly, 15 Ves. 557, that an assignment by one partner of the joint property to secure his separate debt, must be subject to the joint debts. Here we have no similar means of reaching the same result. But even in England, and in bankruptcy too, in Ex parte Rowlandson, 2 Ves. & Beam. 172, and in Ex parte Ruffin, 6 Ves. 119, it has been held, that there is no lien on co-partnership effects for creditors until execution. From this it would seem, that the plaintiffs here cannot, at law, assail the assignment to the defendant of the co-partnership effects by the absent debtor, Morgan, for the indemnity of the defendant against the debt to Lipscomb, until they have recovered their judgments, and sued out their executions. Even then, I *12 do not pretend to say what may be the result. For, if the share of a partner may be attached, as was decided in Schatzell vs. Bolton, 2 McC. 478, and may be ordered to be paid over to the attaching creditor, on his giving security to abide the claims of partnership creditors, as was decided in 3 McC. 38, I do not perceive why the assignee in possession should be disturbed, until it appears that he should, for some superior equity, be made subordinate to the partnership debts.
Now, at least, there is no reason why at law, having the legal right to the possession under the assignment by Morgan, he should be disturbed by mere alleged co-partnership debts: and which may, for aught we can hnow, until there is an account, be fully paid without reaching the fund now in dispute.
The motion is dismissed.
Wardlaw, Withers and Glover, JJ., concurred.
Munro, J., absent from indisposition.

Motion dismissed.